ALDEN BRADFORD *vs.* CHARLES W. HUME, and another.

Washington.    Opinion April 24, 1897.

*Way.   Boundary.   Fence.   R. S., c. 18, § 95.*

When the bounds of a street cannot be made certain by either records or monuments, and a fence has existed in the same place for more than forty years, it is to be deemed the true bounds of the street.   R. S., c. 18, § 95.

In an action of trespass against the mayor and one of the aldermen, of the city of Eastport, for removing a fence in front of the plaintiff's house, the defendants justified its removal on the ground that the fence was within the limits of the street.   The plaintiff denied that the fence was within the limits of the street and claimed that it had existed in the same place for more than forty years ; and was therefore, under the statute, to be deemed the true bounds of the street.   The jury returned a verdict for the plaintiff.   *Held ;* that the verdict ought not to be disturbed, it appearing to the court, among other reasons, that the fence had existed in front of the plaintiff's house for more than forty years ; and although a new fence was built in 1876, it seems that if a fence fronting on one of the public streets of the city was moved three or four feet into the street, the fact was open to the observation of all passing by it and must be known to hundreds of persons.   The street, as laid out in 1807, was only thirty feet wide ; and an encroachment upon so narrow a street could not escape the notice of any one passing upon the street.

ON MOTIONS BY DEFENDANTS.

The case is stated in the opinion.

*J. F. Lynch, L. H. Newcomb,* and *G. R. Gardner,* for plaintiff.

*J. H. McFaul, G. M. Hanson, G. A. Curran,* and *I. G. McLarren,* for defendants.

SITTING :   PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

WALTON, J.   This is an action of trespass against the mayor and one of the aldermen of the city of Eastport for causing the removal of a fence in front of the plaintiff's house.   The defendants justify the removal on the ground that the fence was within the limits of the street.   The plaintiff denies that the fence was

within the limits of the street.  He says that the bounds of the street cannot be made certain by either records or monuments, and that a fence had existed in the same place for more than forty years, and was therefore to be deemed the true bounds of the street, as provided by R. S., c. 18, § 95.

There seems to be no doubt that a fence had existed in front of the plaintiff's house for more than forty years.  But the plaintiff admits that a new fence was built in 1876, and the real controversy was whether the new fence was built on the same place on which the old fence stood, or was built some three or four feet nearer the centre line of the street.

The fence fronted on one of the public streets of the city, and if it was moved three or four feet into the street, the fact was open to the observation of all passing by it; and it would seem as if it must have been known to hundreds and perhaps thousands of persons.  The street, as laid out in 1807, was only thirty feet wide; and it seems incredible that such an encroachment upon a street so narrow should have escaped the notice of any one passing upon the street.  The carpenter who built the new fence swears positively that he placed it on the same spot occupied by the old fence.  The plaintiff swears that it was so placed.  Other witnesses so testify.  The number of witnesses who testify to the contrary are comparatively few.  The parties called as many witnessess as they thought proper and then rested.  The case was then submitted to the jury, and they returned a verdict for the plaintiff.  No exceptions were taken to the charge, and presumably it was satisfactory to both parties.

The defendants move for a new trial, first, on the ground that the verdict was contrary to the weight of the evidence produced at the trial; and, secondly, on the ground that since the trial, they have discovered some new evidence,—that is, some more witnesses who are willing to swear that the fence was moved.

We have examined the evidence, the old and the new, with great care.  In fact, we have spent an unusual amount of time in the examination of the evidence.  And we are surprised that there should be such a conflict in relation to such a fact; a fact that

must have been open to the observation of hundreds, and perhaps thousands of persons if it really existed. We think it was fortunate for the parties that the jury was able to agree; and we are profoundly impressed with the belief that it would be a misfortune to the defendants, as well as the plaintiff, to protract the litigation. We do not feel entirely satisfied that the verdict was right; nor do we feel entirely satisfied that it was wrong. In such a case, the verdict must stand. The evidence claimed to be newly discovered is not such, in the opinion of the court, as to justify protracting the litigation.

*Motions overruled.*